RECEIVED DEC 21 2007 DENNIS P. IAVARONE, CLERK US DISTRICT COURT, EDNC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07cr360-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | BILL OF INFORMATION |
| ) | |
| DAVID C. HARRISON ) | |
| ) | |

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTORY PARAGRAPHS

1. Beginning in September 2006 and continuing until October 2006, DAVID C. HARRISON and others engaged in a scheme to defraud crop insurance companies of funds ultimately reimbursed by the United States of America and to launder the proceeds of the underlying fraud.

2. An integral part of the scheme involved the sale of tobacco in nominee names in order to conceal the actual growers' true tobacco production totals.

3. In furtherance of the scheme, HARRISON filed crop insurance claims October 19, 2006 that he knew to be false as to material matters.

4. In furtherance of the scheme, HARRISON worked with a Wilson, North Carolina tobacco broker to sell HARRISON'S tobacco in the names of other men, thereby obscuring his true tobacco production.

COUNT ONE

The Introductory Paragraphs set forth above are re-alleged and incorporated herein by reference.

Beginning in or about September 2006 and continuing until October 2006, within the Eastern District of North Carolina,

DAVID C. HARRISON

did combine, conspire, confederate and agree with others known and unknown to the United States Attorney to commit certain offenses against the United States as follows:

    (a)    to knowingly conduct a financial transaction affecting interstate and foreign commerce which in fact involved the proceeds of specified unlawful activity, specifically, the violation of 18 U.S.C. § 1014, with the intent to promote the carrying on of specified unlawful activity and knowing the financial transaction involved the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

    (b)    to knowingly conduct a financial transaction affecting interstate and foreign commerce which in fact involved the proceeds of a specified unlawful activity, specifically, the violation of 18 U.S.C. § 1014, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity and knowing, while conducting such financial transaction, that the property involved the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

2

(c) to knowingly conduct a financial transaction affecting interstate and foreign commerce which in fact involved the proceeds of a specified unlawful activity, specifically, the violation of 18 U.S.C. § 1014, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under federal law and knowing, while conducting such financial transaction, that the property involved the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii).

All in violation of Title 18, United States Code, Section 1956(h).

GEORGE E. B. HOLDING
United States Attorney

JOSH HOWARD
Assistant United States Attorney

3